IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:08CR77–HEH |
| | ) | |
| TONY L. PURYEAR, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Tony L. Puryear, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion" (ECF No. 49)) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Puryear demands relief upon the following grounds:

Claim 1   Puryear failed to receive the effective assistance of counsel.
    (a)   Counsel failed to hire an expert to authenticate the audio and video evidence. (§ 2255 Mot. 5.)[1]
    (b)   "Counsel failed to hire a chemist to perform tests of the substance known to be 'Crack.'" (*Id.*)
    (c)   "Counsel failed to file a motion for suppression of evidence." (*Id.*)
    (d)   "Counsel failed to object to the fact that Petitioner was never arraigned on the Superseding Indictment he was tried on." (*Id.*)

Claim 2   Puryear should receive the benefit of "the new crack law" signed by the President on August 3, 2010. (*Id.* at 6.)

The United States has responded. (ECF No. 52.) Puryear has replied. (ECF No. 53.) The matter is ripe for judgment.

---

[1] The Court has corrected the spelling and capitalization in the quotations to Puryear's submissions.

## I. Procedural History

On February 20, 2008, a grand jury charged Puryear with seven counts of distributing a detectable amount of cocaine base and four counts of distributing 5 grams or more of cocaine base. (Indictment (ECF No. 7) 1–4).) On May 19, 2008, the grand jury returned a superseding indictment that charged Puryear with the foregoing eleven counts of distribution and added a forfeiture allegation. (Superseding Indictment (ECF No. 15) 1–5.) No arraignment occurred with respect to the Superseding Indictment.

On June 5, 2008 and June 6, 2008, the Court conducted a jury trial on the Superseding Indictment. (ECF Nos. 21–22.) On June 6, 2008, the jury found Puryear guilty on all eleven counts charged in the Superseding Indictment. (Verdict Form (ECF No. 21) 1–3.) The Court sentenced Puryear to 108 months of imprisonment. (Amended J. (ECF No. 39) 2.) Puryear appealed. The United States Court of Appeals for the Fourth Circuit affirmed Puryear's conviction and sentence. *United States v. Puryear*, 335 F. App'x 291, 292 (4th Cir. 2009).

On January 5, 2011, the Court received Puryear's § 2255 Motion. On January 23, 2012, Puryear, by counsel, moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), based upon Amendment 750 to the United States Sentencing Guidelines. (ECF No. 57, at 2.) By Order entered on April 5, 2012, the Court granted the motion and reduced Puryear's sentence to 87 months of imprisonment. (ECF No. 59.)

On August 21, 2012, the Court received from Puryear a Motion for Reduction of Sentence (ECF No. 60 ("First Motion for Reduction of Sentence")) wherein he raises arguments he contends entitle him to relief in these 28 U.S.C. § 2255 proceedings. (*See*

2

ECF No. 60, at 10.) On January 28, 2013, the Court received from Puryear another Motion for Reduction of Sentence (ECF No. 62 ("Second Motion for Reduction of Sentence")).

## II. Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Pretrial Proceedings

In Claim 1(d), Puryear faults counsel for failing to ensure that the Court arraigned Puryear on the Superseding Indictment. "A failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998) (citing *Garland v. Washington*, 232 U.S. 642 (1914)). Where the

3

convicted defendant fails to demonstrate "how his [or her] defense was impaired or prejudiced," summary dismissal of the claim is appropriate. *Id.* Here, the Superseding Indictment merely added a forfeiture allegation. Puryear fails to articulate how his defense was prejudiced by the lack of an arraignment on the Superseding Indictment. *Id.* Accordingly, Claim 1(d) will be dismissed because Puryear fails to demonstrate deficiency or prejudice. Furthermore, Puryear's Supplemental Motion (ECF No. 63), which seeks relief with respect to the lack of an arraignment on the Superseding Indictment, will be denied.

In Claim 1(c), Puryear contends that counsel should have filed a motion to suppress evidence. Puryear fails to suggest on what basis counsel could have moved to suppress any evidence. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding summary denial of § 2255 motion appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Accordingly, Claim 1(c) will be dismissed because Puryear fails to demonstrate deficiency or prejudice.

### B. Failure to Hire Experts

In Claim 1(a), Puryear contends counsel performed deficiently because he failed to hire an audio and video expert to "check to see if the Prosecution tampered and/or altered the physical evidence." (Mem. Supp. § 2255 Mot. 2.) Puryear alleges that he "brought to his counsel's attention that he believed the tapes had both been tampered with and that portions relied upon by the Government in specific instances were not crack deliveries." (Pet'r's Reply 1.)

4

In Claim 1(b), Puryear contends that counsel "refused to hire a chemist to perform [a] scientific test on the . . . drugs held in evidence to find out how much of the substance was (cocaine) . . . obtained from cocoa leave and how much was (baking soda) . . . to determine the exact weight of the cocaine minus the baking soda." (Mem. Supp. § 2255 Mot. 3.)[2] As explained below, these claims utterly lack merit.

The evidence reflected that Alice Chambers conducted eleven controlled purchases from Puryear under the supervision of Sergeant Investigator Everette Dale Gibson, Jr. As the Fourth Circuit observed, "substantial evidence" supported each of Puryear's convictions for distribution of cocaine base. *United States v. Puryear*, 335 F. App'x 291, 293 (4th Cir. 2009).

> During the trial, Chambers described, in detail, each of her purchases from Puryear, specifically recalling the dates on which they occurred and the particular conversations that went on during each one. Sound and video recordings were played before the jury, depicting several of the controlled buys. Before and after each buy, Chambers was searched by law enforcement officers. The lead detective involved in the investigation testified as to the procedures taken to ensure that the eleven drug quantities Chambers bought from Puryear remained unaltered from the time they were taken from Chambers to the time they were tested at the lab. All eleven samples tested positive for crack cocaine.

*Id.*

---

[2] Additionally, Puryear faults counsel for failing to challenge the chain of custody. Puryear, however, fails to specify any lapse in the chain of custody. The transcript fails to readily reveal any such lapse. (*See, e.g.*, June 5, 2008 Tr. 22–24). To the extent Puryear faults counsel for failing to object to the drugs and lab certificates without testimony from the pertinent personnel from the lab, he fails to demonstrate that the Government would not have called such personnel had he objected. *See United States v. Baker*, No. 3:06CR219, 2013 WL 2434762, at *4 (E.D. Va. June 4, 2013) (citing *United States v. Santiago*, Nos. 04-10336-NMG-12, 10-10835-NMG, 2012 WL 6867674, at *5 (D. Mass. Nov. 5, 2012)); (Gov't's Witness List (ECF No. 17) 1 (listing three chemists).)

Given the foregoing evidence, counsel reasonably eschewed retaining an audio and video expert to contest that the Government had altered the recordings of controlled buys. No evidence supports Puryear's speculation that "in specific instances [the drug sales] were not crack deliveries." (Pet'r's Reply 1.) Accordingly, Claim 1(a) will be dismissed.

Next, in Claim 1(b), Puryear faults counsel for failing to hire a chemist to ascertain the proportion of cocaine to baking soda in each of his eleven distributions of cocaine base. "[C]ounsel's failure to have an independent analysis done on the cocaine base mixture was not objectively unreasonable because once it is determined that there was a 'detectable amount' of a controlled substance, the entire weight of the mixture or substance is the proper amount used for calculating a sentence." *Everhart v. United States*, Nos. 5:11–cv–119–RLV, 5:03–cr–34–RLV–1, 2012 WL 3598268, at *7 (W.D. N.C. Aug. 20, 2012) (citing Note (A) following Drug Quantity Table, U.S.S.G. § 2D1.1(c)). Puryear fails to demonstrate how he could have benefitted from the testing he requests. *Id.* (observing that the purity of cocaine base is irrelevant for sentencing purposes). Claim 1(b) will be dismissed because Puryear fails to demonstrate deficiency or prejudice.

### III. Fair Sentencing Act - Claim 2

In Claim 2, Puryear contends that his sentence is illegal in light of the Fair Sentencing Act of 2010.[3] Puryear is far from clear as to how this is true. Following the Fair Sentencing Act of 2010 and the corresponding crack-cocaine-guideline amendments

---

[3] Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372.

implemented by Amendment 750 of the United States Sentencing Guidelines, the Court granted Puryear's motion under 18 U.S.C. § 3582(c)(2). Puryear "suggests that, in light of the Fair Sentencing Act of 2010 and the massive disparity in the sentencing ratio applied to him, the most basic notions of justice and fundamental fairness does support his request for a sentence reduction." (Pet'r's Reply 3.) Puryear is incorrect. *See United States v. Samuels*, 445 F. App'x 704, 704 n.* (4th Cir. 2011) (citations omitted) (rejecting "arguments that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process"). Because Puryear fails to demonstrate how the Fair Sentence Act renders his sentence illegal or improper, Claim 2 will be dismissed.

### IV. Motions for Reduction of Sentence

In his First Motion for Reduction of Sentence, Puryear contends that "he received a sentence grossly disproportionate and excessive for the crime in violation of Eighth Amendment." (First Mot. Reduction of Sentence 8.) In support of this contention, Puryear suggests that the Court improperly counted his convictions for possession of marijuana in the Circuit Court of the County of Brunswick, Virginia as felonies in calculating his sentence under the Sentencing Guidelines because he failed to receive more than a year for either sentence. (First Mot. Reduction of Sentence 4, 7.) The Court treated the marijuana convictions as misdemeanors, rather than felonies, in calculating Puryear's sentence. (Presentence Report Worksheet C, at 1.) Puryear fails to demonstrate any plausible basis for reducing his sentence under 28 U.S.C. § 2255. Accordingly, the First Motion for Reduction of Sentence (ECF No. 60) will be denied.

In his Second Motion for Reduction of Sentence, Puryear argues the Court should consider imposing a lower sentence. Puryear fails to demonstrate any basis for awarding relief under 28 U.S.C. § 2255[4] or for reducing his sentence at this juncture.[5] Accordingly, the Second Motion for Reduction of Sentence (ECF No. 62) will be denied. Puryear's Motion to Compel Relief (ECF No. 61) on his Motions for Reduction of Sentence will be denied.

## V. CONCLUSION

The § 2255 Motion (ECF No. 49) will be denied. The action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

---

[4] That statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

[5] Puryear also fails to demonstrate any entitlement to a sentence reductions under 18 U.S.C. § 3582(c)(2).

8

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Puryear has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will follow.

                                                            /s/
                                        HENRY E. HUDSON
                                        UNITED STATES DISTRICT JUDGE

Date: Sept. 5 2013
Richmond, Virginia

9